IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06cr166

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | O R D E R |
| | ) | |
| BRENNYAN KEITH STREATER | ) | |
| | ) | |

**THIS MATTER** is before the Court on the defendant's Motion to Suppress (Doc. No.

14).

The defendant made his initial appearance in federal court on August 2, 2006, and

counsel for the defendant entered her appearance on the same date. Following arraignment on

August 7, 2006, a magistrate judge issued a Scheduling Order setting a trial date of October 2,

2006, and a pretrial motions deadline of 60 days following entry of the Order.[1] (Doc. No. 9). The

trial date was continued (Doc. No. 12: Order) on the defendant's motion (Doc. No. 11: Motion),

which recited that discovery had been received, but made no request to extend the motion

deadline. The defendant filed the instant motion on November 29, 2006. The trial date is

December 11, 2006.

Rule 12(c) of the Federal Rules of Criminal Procedure allows courts to set deadlines for

filing pretrial motions, including motions to suppress. Here, the defendant filed his motion

nearly two months after the deadline stated in the Scheduling Order and only seven business days

---

[1]Paragraph Four of that Order states:
All pretrial motions must be in writing and must be filed within sixty (60) days
from the date of this Arraignment Order, or the date on which counsel is
appointed or makes a general appearance, whichever occurs last. Motions not
timely filed will be summarily denied.

prior to the scheduled trial date.[2]  The defendant did not request leave to file the motion late, nor

did he state any cause for doing so.[3]  Accordingly, the motion is subject to dismissal. United

States v. Johnson, 953 F.2d 110, 115-116 (4th Cir. 1991).

**IT IS, THEREFORE, ORDERED,** that the defendant's motion to suppress is DENIED

without prejudice.

The Clerk is directed to certify copies of this order to the defendant, counsel for the

defendant, to the United States Attorney.

Signed: December 1, 2006

Robert J. Conrad, Jr.
Chief United States District Judge

---

[2]The Court ordinarily allows the government ten business days to respond to a motion to suppress.

[3]A court may grant relief for good cause where party waives a Rule 12(b)(3) issue by failing to comply with a Rule 12(c) deadline. Fed. R. Crim. P. 12(e).